23-6186
Singh v. Bondi

BIA
Thompson, IJ
A205 937 079

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand twenty-five.

PRESENT:
JOHN M. WALKER, JR.,
JOSEPH F. BIANCO,
MYRNA PÉREZ,
     *Circuit Judges.*

_____

RAJNEET SINGH,
     *Petitioner,*

v.                                                                  **23-6186**

                                                                    NAC

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
     *Respondent.*\*

_____

---

\* The Clerk's Office is respectfully directed to amend the caption as reflected above.

**FOR PETITIONER:**          Heena Arora, Esq., Law Offices of Heena Arora, P.C., Jamaica, NY.

**FOR RESPONDENT:**          Brian Boynton, Principal Deputy Assistant Attorney General, Civil Division; Corey L. Farrell, Senior Litigation Counsel; Nancy D. Pham, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Rajneet Singh, a native and citizen of India, seeks review of a January 31, 2023, decision of the BIA affirming a July 31, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rajneet Singh,* No. A 205 937 079 (B.I.A. Jan. 31, 2023), *aff'g* No. A 205 937 079 (Immig. Ct. N.Y. City July 31, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

"Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we will review both the BIA's and IJ's opinions-

2

or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review fact-finding, including adverse credibility determinations, "under the substantial evidence standard," and questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). In practice, the "unless . . . compelled" standard "requires that [factual findings] be supported by reasonable, substantial and probative evidence in the record when considered as a whole." *Singh v. Garland*, 6 F.4th 418, 426 (2d Cir. 2021) (quotation marks omitted) (alteration in original).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . , without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility

3

determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). Substantial evidence supports the agency's conclusion that Singh was not credible.

The agency reasonably relied on inconsistencies among Singh's written and oral statements and documentary evidence in reaching the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). As an initial matter, Singh has abandoned any challenge to the agency's determination that he testified inconsistently as to whether he was a member of the Akali Dal Mann Party because he has not challenged that finding in this Court. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)). Regardless, the IJ did not err in relying on this inconsistency. Singh's original application provided that he and his father were members of the Mann Party, but an amended application reflected only his father's affiliation, and he testified that he never joined the party. The IJ did not err in relying on the inconsistency because Singh failed to give a coherent explanation for it. *See Majidi v. Gonzales*, 430 F.3d 77, 80

4

(2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

Furthermore, the agency reasonably relied on inconsistencies in Singh's statements and evidence as to where his family lived after a 2014 incident in which his mother and sister were briefly arrested and detained. In his 2017 application, Singh stated that his mother and sister were living with relatives in Begowal because of the arrest, and at his 2019 hearing, he testified initially that his mother lived in Begowal, that his father lived in the family's hometown of Jalandhar, and that his sister lived in Australia. However, on cross-examination, he introduced inconsistency, first stating that his parents lived together but sometimes lived with relatives in Begowal and at other times lived in Jalandhar, then stating that they lived in Jalandhar. The agency was not required to accept his explanation as to why his application indicated that his mother lived in Begowal as it added further inconsistency; he testified his mother lived in Begowal for only a few days after the 2014 incident, but the 2017 application stated that his mother was living in Begowal. *See Majidi*, 430 F.3d at 80; *see also Siewe v. Gonzales*, 480 F.3d 160, 167–68

(2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous . . . [r]ather, a reviewing court must defer to that choice so long as the deductions are not illogical or implausible." (quotation marks omitted)).

Singh now argues that this inconsistency is minor and the IJ gave it too much weight, but an IJ may rely on the "cumulative effect" of seemingly minor inconsistencies in arriving at an adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167; *see Singh*, 6 F.4th at 427 n.2. Moreover, contrary to Singh's position, the inconsistency was not minor because he raised the arrest and detention of his mother and sister as evidence that he would be in danger if he returned, and whether they were able to reside safely in his hometown went directly to his claim that the police were targeting his family and his fear of future persecution. Singh also asserts that the 2017 application was simply a copy of the original 2014 application completed shortly after his mother and sister were arrested. But the amended application was filed in 2017, he did not offer this explanation to the IJ, he swore to the contents of the 2017 application, and he had the opportunity to update the statement.

6

Finally, the agency reasonably determined that Singh's documentary evidence failed to rehabilitate his credibility. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ reasonably gave little weight to affidavits from Singh's parents and family acquaintances because they were largely prepared by interested parties and none of the declarants were available for cross-examination. *See Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (holding that an "IJ acted within her discretion in according . . . little weight [to affidavits] because the declarants (particularly [petitioner's] wife) were interested parties and neither was available for cross-examination"); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence"). Moreover, even if credited, the affidavits would not resolve the inconsistencies. The affidavits, filed in 2019, do not state whether Singh's mother and sister still live in Begowal. In a November 21, 2014, affidavit, Singh's father stated that Singh's mother and sister were "living with the relatives in Village Begowal . . . to save our life" after an October 15, 2014, arrest, which conflicts with

7

Singh's testimony that his mother stayed in Begowal for only a few days. And while Singh's father indicated that Singh's mother and sister had to leave Jalandhar to be safe, Singh testified that his mother was never "in hiding" in Begowal, implying that his mother was not continuously in danger.

Taken together, the inconsistencies about Singh's own affiliation with the Mann Party and whether his mother and sister had to relocate for their safety, and the lack of reliable corroboration, provide substantial evidence for the adverse credibility determination. *See Likai Gao*, 968 F.3d at 145 n.8 ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive because Singh's claims for asylum, withholding of removal, and CAT relief are all based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

8

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court